Manly, J.
 

 After the statute of 1818, Rev. Code, ch. 24, sec. 7, charging the constable officially with the collection of claims, it was held to be its object only to recognise an agency in the officer for that purpose, and to make the official bond a security for its fulfilment. It has never been supposed to attach to him, in this new field of official duty, any higher degree of responsibility than would attach to any other agent undertaking the same duties for compensation. The degree of diligence, as a
 
 collecting
 
 agent, to which he has been uniformly held, is
 
 ordinary
 
 diligence, only.
 

 But ibis, neither before the statute.nor since, was the grade of diligence to which an officer,
 
 with process,
 
 has been held. It is his duty to execute the precepts with a dispatch and care quicker and greater, than
 
 ordinary
 
 — with that degree which would be used, under similar circumstances, by a man of the strictest diligence and prudence.
 

 "We do not perceive any reason for a difference between the cases of an officer with process put into his hands by the plaintiff, or put into his hands by an agent, or sued out by the officer himself, acting in that behalf as an agent. In the ab
 
 *152
 
 sence of any specific instructions as to the collection, they stand upon the same ground, and the officer is bound to the same grade of diligence in the execution. In the case before us, upon the finding of the jury, we assume that no specific instructions were given in respect to the collection of the debt, and the case then presents the point whether an officer, who has
 
 a, fieri facias
 
 in his hands against a debtor, ten miles from the officer’s residence, and wrho delays execution from the'18th to the 26th of January, is guilty of culpable delay. We differ in opinion from his Honor below, and think, so long a delay is not in accordance with the strictest diligence which is the grade of his'duty. And, therefore, the persons injured may have an action on the bond to recover the damage.
 

 Indulgence to a debtor, is confined to the creditor, and to those impediments which the law has thrown around the former to prevent oppression;
 
 Shuford
 
 v.
 
 Sherrill,
 
 10 Ired. Rep. 200;
 
 Murphy
 
 v.
 
 Troutman,
 
 5 Jones’ Rep. 379.
 

 Let the judgment of the Superior Court be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.